IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       No.   05-cr-2365 MV
                                                                16-cv-0716 MV/SMV

CHRIS HARRIS,

    Defendant.

**ORDER STAYING RULING PENDING RULING IN *BECKLES***

THIS MATTER is before the Court on the United States' Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence [CV Doc. 4; CR Doc. 219], filed August 1, 2016, in response to Defendant Chris Harris's Motion Pursuant to 28 U.S.C. § 2255, filed June 27, 2016 [CV Doc. 1; CR Doc. 216]. The United States requests that, if the Court declines to deny Mr. Harris's motion at this time, the Court grant a stay pending the Supreme Court's decision in *United States v. Beckles* (S. Ct. No. 15-8544). Mr. Harris did not reply to the government, and the time for doing so has elapsed. Having reviewed the parties' briefing, the Court hereby orders that ruling in this case be stayed pending the Supreme Court's decision in *Beckles*.

Mr. Harris has moved to vacate his sentence as unconstitutional pursuant to 28 U.S.C. § 2255. He asserts that his sentence was enhanced under the so-called residual clause of the definition of "crime of violence" found in the career offender guideline of the United States Sentencing Guidelines ("Guidelines"). [CV Doc. 1; CR Doc. 216] at 1, 6–7. He argues that the Court should extend to his case the logic of the Supreme Court's holding in *Johnson v.*

*United States*, 135 S. Ct. 2551, 2557 (2015), in which the Court held as void for vagueness the so-called residual clause of the definition of "violent felony" found in the Armed Career Criminal Act. *Id.*

The United States disagrees. It notes that the *Johnson* holding does not automatically extend retroactively to Guidelines cases on collateral review. [CV Doc. 4; CR Doc. 219] at 4. The government's main argument, though, is that because Mr. Harris was sentenced pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), his sentence was not in fact enhanced under the career offender guideline. [CV Doc. 4; CR Doc. 219] at 2. While the government acknowledges that Mr. Harris's advisory guideline range was enhanced under the career offender provision, it asserts that his ultimate sentence, 188 months, was well below the guideline range of 262–327 months and the statutory penalty of 240 months to life; Mr. Harris's sentence, the government argues, was not "expressly tied to the advisory guideline range." *Id.* at 5. In the alternative, the government asks that the Court stay proceedings pending the outcome of *Beckles*. *Id.*

The Tenth Circuit has invalidated, under *Johnson*, the residual clause of the career offender guideline. *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). *Madrid*, however, was a direct appeal; the Tenth Circuit has not decided whether the rule in *Madrid* applies retroactively. These issues—whether *Johnson* should be extended to the career offender guideline, and, if so, whether such ruling should apply retroactively—are currently before the Supreme Court in *Beckles*. The Court believes awaiting a ruling in *Beckles* would be prudent.

Mr. Harris does not contest the government's request for a stay pending *Beckles*; he did not reply to the government's response requesting the stay.  Further, Mr. Harris has not shown—or even alleged—in his motion any facts to suggest that he would be prejudiced by a stay.  He does not suggest that he will be released before the Supreme Court decides *Beckles*, or that if his motion were granted he would be eligible for release immediately or sometime before *Beckles* is decided.  Moreover, based on the information set out in the briefing, it appears to the Court that he likely will not, in fact, be eligible for release before *Beckles* is decided—whether or not he is entitled to re-sentencing.  Mr. Harris was sentenced on April 26, 2009, to 188 months, in accordance with a plea agreement.  [CV Doc. 1; CR Doc. 216] at 3.  If he is not entitled to re-sentencing, the Court calculates that he will be released in December 2024.  If Mr. Harris's guideline range had not been enhanced by the career offender provision, and if he had been sentenced at the lower end of that guideline range, the Court calculates that he would have been scheduled for release no sooner than November 2021.[1]  Thus, even if Mr. Harris ultimately is entitled to re-sentencing without the career offender enhancement, and he is sentenced within the guideline range, he likely still will not be entitled to release before the Supreme Court decides *Beckles*.

In short, Mr. Harris has neither contested the government's request for a stay pending a ruling in *Beckles* nor shown that he would be prejudiced by a stay.  If Mr. Harris believes he can show that he would be prejudiced by a stay in this case, he may move to lift the stay.  At this

---

[1] Mr. Harris does not indicate what he believes his guideline range should have been, absent the career offender enhancement.  Nor does he indicate how his sentence, which was stipulated to in his plea agreement, would have been adjusted absent the enhancement.  The government states that Mr. Harris's guideline range absent the career offender provision would have been 151–188 months, and so I calculate his estimated release date based on that range.  *See* [Doc. 4] at 3.

3

time, however, he has made no such showing (or even allegation), and the Court finds that a stay pending a decision in *Beckles* is appropriate.

**IT IS THEREFORE ORDERED** that ruling in this case is STAYED pending the Supreme Court's decision in *United States v. Beckles* (S. Ct. No. 15-8544).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**